UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., <br><br>  Plaintiff, <br><br> v. <br><br> T. CISNEROS, et al., <br><br>  Defendants. | Case No. 1:21-cv-01477-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED <br><br> (ECF No. 2) <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS <br><br> ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Johnny Lee Sloan, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* with this action.

Plaintiff filed the complaint commencing this action on October 4, 2021. (ECF No. 1). On that same day, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 2). Both Plaintiff's complaint and his application are dated September 29, 2021. (ECF No. 1, p. 26; ECF No. 2, p. 2).

According to Plaintiff's prisoner trust fund account statement, Plaintiff's balance as of the date of the last transaction was $836.98. (ECF No. 6, p. 2). This is more than enough to pay the filing fee. Moreover, as of September 15, 2021, Plaintiff had $1,396.82 in his account. However, right before signing his application, Plaintiff made three payments/withdrawals totaling $387.59. After signing his application, he made an additional three withdrawals

totaling $172.25.  (Id.).

Thus, approximately two weeks before Plaintiff signed his application, he had $1,396.82 in his account, and as of the date of the last transaction he still has $836.98. Accordingly, the Court finds that Plaintiff, who is a state prisoner, can afford to pay the filing fee for this action.[1]

The Court also notes that Plaintiff was not forthcoming on his application to proceed in forma pauperis.  Plaintiff did not attach his trust account statement or include the balance. Additionally, while Plaintiff completed almost the entire application, he conspicuously failed to state whether he received income from "[a]ny other source" in the last twelve months.  Based on Plaintiff's trust account statement, in the last six months alone Plaintiff received an economic impact payment, as well as funds through JPAY on four separate occasions, with the average deposit from JPAY being $200.  Thus, Plaintiff received funds from other sources in the last twelve months.  Finally, Plaintiff stated that he has no cash or other assets.  However, Plaintiff clearly has funds in his trust account.

Because Plaintiff can afford to pay the filing fee for this action, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be required to pay the filing fee of $402.00 for this action in full.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's application to proceed in forma pauperis be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

---

[1] The Court notes that at least some of the funds in Plaintiff's account appear to be from an economic impact payment.  However, Plaintiff has not cited to any law, and the Court is not aware of any, preventing pandemic stimulus payments from being included when determining whether a plaintiff can afford to pay the filing fee.  Additionally, other courts in this district have included the funds when making the determination.  See, e.g., Hammler v. Zydus Pharmacy, 2021 WL 3048380, at *1-2 (E.D. Cal. July 20, 2021) (considering the plaintiff's "economic impact payments" when determining that the plaintiff was "financially able to pay the filing fee"); Corral v. California Highway Patrol, 2021 WL 2268877, at *1 (E.D. Cal. June 3, 2021), report and recommendation adopted, 2021 WL 3488309 (E.D. Cal. Aug. 9, 2021) (considering the plaintiff's "pandemic stimulus payments" in determining that the "plaintiff has made an inadequate showing of indigency").

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **October 6, 2021**        /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE