UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | No. 1:21-cv-01477-JLT-EPG (PC) |
| Plaintiff, | ORDER ADOPTING SCREENING FINDINGS AND RECOMMENDATIONS |
| v. | |
| T. CISNEROS, et al., | (Docs. 22, 23) |
| Defendants. | |

The assigned magistrate judge issued findings and recommendations related to the screening of the complaint. (Doc. 23). Sloan did not file objections or otherwise, and the undersigned adopted the findings and recommendations. (Doc. 24). Later that same day the Court received a filing from Sloan, dated September 22, 2022, requesting an additional 60 days to file objections to the findings and recommendations because Sloan's prison is on lockdown due to an outbreak of COVID-19. (Doc. 25). On October 26, 2022, the undersigned set aside the order adopting and granted Sloan until December 27, 2022, to file his objections. (Doc. 26). Sloan filed his objections on December 23, 2022. (Doc. 27).[1]

According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings

---

[1] Sloan also filed a petition for writ of mandamus for review by the Ninth Circuit. (Doc. 28.) The Ninth Circuit denied Sloan's petition. (Doc. 30.)

1

and recommendations to be supported by the record and proper analysis. Moreover, Sloan's objections contain merely conclusory statements without identifying any specific challenge to the magistrate judge's findings.

For example, Sloan contends "[t]here is a clear actual connection between the actions of all named defendants and the deprivation of alleged suffered by Plaintiff." (Doc. 27 at 2.) Sloan provides no details about the suffering or injuries he experienced and which defendants or which of their actions caused those injuries. (*See id.*) To the extent Sloan's objection refers to the magistrate judge's finding that Sloan failed to show a retaliatory connection between his staff grievance against Defendant Mata and the Rules Violation Report for Disrespect without Potential for Violence/Disruption issued against him two weeks later (Doc. 23 at 14), Sloan fails to allege that the Rules Violation Report issued because of his staff complaint. The first amended complaint states that Sloan filed a staff complaint against Defendant Mata for "unethical behavior" and refusing to answer questions about his wheelchair during a medical visit on October 9, 2020. (Doc. 22 at 6.) Sloan alleges that two weeks later he received a Rules Violation Report drafted by Defendant Martinez which contained a "fabricated version of October 9 events." (*Id.*) Although a close temporal proximity can implicate a retaliatory motive (*Norwood v. Robinson*, 2012 WL 6628894, at *2 (E.D. Cal. Dec. 19, 2012), aff'd, 576 F. App'x 666 (9th Cir. 2014)), Sloan alleges that Defendant Martinez, not Defendant Mata, drafted the Rules Violation Report. (Doc. 22 at 6.) Sloan did not allege that Defendant Martinez was present or otherwise involved in the October 9, 2020, incidents. Without more, Sloan does not sufficiently plead a connection between Defendant Martinez's Rules Violation Report and the protected conduct, his staff complaint against Defendant Mata.

Sloan's remaining objections similarly lack specificity to determine which findings he challenges. By way of further example, Sloan argues that the magistrate judge "used the wrong legal standard" constituting "abused of discretion" and unfair prejudice. (Doc. 27 at 2.) Sloan does not identify which legal standard is allegedly incorrect or which standard should have been applied. In its *de novo* review, the Court found no error in the legal standards applied. Although the Court does not discuss each of Sloan's conclusory objections, the Court has reviewed them in

their entirety and finds they lack merit. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on September 7, 2022, (Doc. 23), are **ADOPTED IN FULL.**

2. This case **SHALL** proceed on Sloan's Eighth Amendment claims against Defendants Talley, Mata, and Gonzales for deliberate indifference to his serious medical needs.

3. To the extent Sloan brings Eighth Amendment deliberate indifference claims against any other defendant based on allegations that he was not provided with a new wheelchair, these claims are **DISMISSED** with prejudice.

4. Sloan's First Amendment retaliation claim against Defendants G. Martinez, Gibson, Rhoads, Ramos, Metts, R. Martinez, and Mata based on allegations that they retaliated against Sloan because Sloan filed 602s/grievances against Defendants Talley and Mata are **DISMISSED** with prejudice.

5. Sloan's Fourteenth Amendment claim based on allegations that Sloan did not receive due process during the disciplinary hearing conducted by Defendant R. Martinez on the Rules Violation Report for Disrespect without Potential for Violence/Disruption that was drafted by Defendant G. Martinez **DISMISSED** with prejudice.

6. Sloan's claims based on the processing of the 602s/grievances that he filed against Defendants Talley and Mata are **DISMISSED** with prejudice.

7. Sloan's claim against Defendant Talley based on allegations that funds were unlawfully deducted from his account is **DISMISSED** with prejudice.

8. Sloan's second, third, fourth, and fifth claims are **DISMISSED** without prejudice as unrelated.

9. Claim six is **DISMISSED** with prejudice to the extent it is based on: Sloan's allegations that he was not provided with a new wheelchair; Sloan's allegations that he was retaliated against because he filed 602s/grievances against Defendants Talley and Mata; Sloan's allegations that he did not receive due process during the

disciplinary hearing conducted by Defendant R. Martinez on the Rules Violation Report for Disrespect without Potential for Violence/Disruption that was drafted by Defendant G. Martinez; Sloan's allegations that the 602s/grievances that he filed against Defendants Talley and Mata were not properly processed; and Sloan's allegations that Defendant Talley caused funds to be deducted unlawfully from his account.

10. Claim six is **DISMISSED** without prejudice as unrelated, to the extent it is based on any other conduct.

11. Sloan's state law claims against Defendants Talley, Gonzales, Mata, G. Martinez, Metts, and R. Martinez are **DISMISSED** with prejudice.

12. Sloan's state law claims against Defendants Gibson, Rhoads, and Ramos are **DISMISSED** with prejudice to the extent the claims are based on the allegation that they retaliated against Sloan because Sloan filed 602s/grievances against Defendants Talley and Defendant Mata.

13. All other state law claims are **DISMISSED** without prejudice as unrelated.

14. The Clerk of Court is directed to reflect the dismissal of all defendants on the Court's docket, except Defendants Talley, Mata, and Gonzales.

IT IS SO ORDERED.

Dated:   **February 6, 2023**

UNITED STATES DISTRICT JUDGE